## JOHN MARTIN v. STATE.

No. A-4970.   Opinion Filed April 26, 1925.
(235 Pac. 556.)

(Syllabus.)

**Intoxicating Liquors—Evidence not Sustaining Conviction for Unlaw-**

**ful Possession.** In a prosecution for unlawful possession of intoxicating liquor evidence considered, and held insufficient to sustain conviction.

Appeal from County Court, Okfuskee County; Wm. Seawell, Judge.

John Martin was convicted of the unlawful possession of intoxicating liquor, and he appeals. Reversed.

Guy L. Trimble and J. Hugh Nolan, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that John Martin, on the 29th day of August, 1923, did have in his possession intoxicating liquor, to wit, one-half gallon of whisky, with the unlawful intent to sell the same. The jury returned a verdict finding him guilty as charged in the information, and fixing his punishment at a fine of $50 and 30 days confinement in the county jail.

It is contended that the evidence is insufficient to sustain the verdict, and that the court erred in admitting incompetent evidence.

The evidence shows that R. H. McKinnon, sheriff, in company with Sam P. Foster, undersheriff, and J. L. McAlester, deputy sheriff, searched the defendant's home in Okemah, in the absence of the defendant, and found a half-gallon fruit jar partly full of whisky, which was introduced in evidence.

The sheriff testified, "We had a search warrant." Asked what court it was out of, answered, "I don't know; I guess the justice court."

The defendant objected to the testimony given by the witnesses for the state as incompetent, for the reason that the officers had no proper search warrant at the time the

search was made of his home, which was overruled. At the close of the state's evidence defendant made a motion to strike all the evidence on the ground that the search was made in violation of his constitutional rights. The motion was denied.

William Martin, son of the defendant, testified that he was present when the search was made; that he knew his father had some whisky, not quite half a gallon; that 3 or 4 days before the officers made the search his aunt and sister were out in a car, and when they came in they said they saw a man hiding something in the weeds. His father went out and was gone a little while and brought the jar of whisky back with him.

As a witness in his own behalf, the defendant testified that with his wife and 10 children he had lived in the Okemah community 18 years, farming most of the time, and at present running a filling station and garage across the street from his home; that the girls came in one evening and told him that they saw a fellow hiding something in a nearby corn ·˙ld and thought it was whisky; that he went over there, hun'·d around, and found a fruit jar of whisky which he brought home.

At the close of the evidence, the defendant moved the court for a directed verdict on the ground that there is no evidence to show an intention to sell. The motion was denied.

After a careful consideration of the evidence, we are of the opinion that the action of the officers in searching the defendant's home and in seizing the liquor was an unjustifiable trespass, and in violation of the defendant's constitutional and statutory rights. It follows that the trial court was in error in admitting the jar and its contents in evidence.

The statute then in force (section 6999, C. S. 1921)

provided that the keeping in excess of one gallon of spirituous liquors shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors. The amount seized was less than half a gallon, and the evidence is insufficient to show that the liquor was in defendant's possession with an intention to sell the same. For this reason the court erred in denying the defendant's motion for a directed verdict of acquittal.

Because the evidence is insufficient to sustain the verdict of conviction, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.